## SPENCER *vs.* HIGGINS.

Although the language of a will can not be varied, altered, or explained, by parol, yet such evidence is admissible, to designate what the testator intended to include, in a bequest of property, in general terms.

A testator made the following bequest: "I do give and devise to my beloved wife, all the furniture, and all the property she brought with her, at the time of our intermarriage." The legatee, at said time, had $1,000 in notes of hand, which was subsequently paid to her and deposited in her name, in a savings bank. On an appeal by her from the decrees of the court of probate, appointing distributors on the estate of the testator, and accepting their return, by which the interest accrued upon said deposits was distributed to other legatees, it was held, 1. That parol evidence was admissible, to show that such notes were paid, and their proceeds deposited as aforesaid, with the testator's knowledge, and that, by his acts and declarations, he treated and regarded both the principal and interest of said notes and deposits, as included in such bequest. 2. That the appellant was entitled, not merely to a sum equal in amount to what she had, at the time of her marriage, but that the legacy to her was specific, and included both the principal sum deposited in the savings bank, and the interest which had accrued thereon.

THIS was an appeal from a decree of the court of probate, for the district of Haddam, appointing distributors upon the estate of David Spencer, deceased, and the decree of said court, accepting the return of the doings of such distributors, by which the sum of $910.29, which was the interest accrued upon certain moneys deposited in the Middletown Savings Bank, in the name of the appellant, which she claimed ought to have been distributed to her, was distributed to other legatees, and wrongfully withheld from her.

On the trial before the superior court, the following facts were found, *viz.* :

On the first day of June, 1844, David Spencer made his last will and testament, containing the following clause, *viz.* : "I do give and devise to my beloved wife, all the furniture, and all the property she brought with her at the time of our in termarriage and such of the household goods as she may have purchased since." After further devising to her the use of certain real estate, so long as she should remain his

widow, which was to be taken as her dower, the will proceeded to dispose of all the remainder of his estate, among the testator's children. The testator died on the third of December, 1850, and said will was duly proved before the court of probate.

The deceased was married to the appellant, on the 10th of May, 1835, who had, at the time of said marriage, personal property, to the amount of $1,162.50. Said David, prior to said marriage, told the appellant, that she should retain her property, and that neither he nor his heirs should claim the same. One thousand dollars of said personal property consisted of notes of hand, which, subsequently to said marriage, were paid to the appellant, with the knowledge of said David; and she, from time to time, deposited the money, so received by her, in her name, in the Middletown Savings Bank, to the amount of seven hundred and fifty dollars. The further sum of two hundred dollars, of the avails of said notes, was, by the request of the appellant, deposited in said savings bank, by said David, in his name, she not being authorized, by the rules of the bank, to make a deposit of the same, in her own name; one hundred and fifty dollars of which was deposited by said David Spencer, as aforesaid, July 14th, 1836, and fifty dollars of the same, April 25th, 1839. On the 25th day of April, 1840, said David transferred the said two hundred dollars to the name of the appellant, and some time in the next year, said David drew the interest on said two hundred dollars, amounting to the sum of $28.37; but whether he did the same on his own account, or for and in behalf of the appellant, the court did not find. The bank book was delivered to, and kept by her; and said money, as well interest as principal, was put into the assessment lists of the town of Haddam, as the property, and in the name of the said appellant. Said David refused to pay the taxes on said assessment list, but referred the collectors to the appellant, as the proper person to pay said taxes, and the appellant paid the same. Said David, at va-

rious times, both before and after said will was made, spoke of the money in said savings bank, as the property of the appellant, and declared, in her presence and elsewhere, that he should have nothing to do with it, and he never did take to his own use any portion of the principal or interest, unless the said $28.37 may have been so received by him. The amount standing in the name of the appellant, on the books of said bank, amounted to the sum of $1,860.29, on the first day of November, 1850, consisting of 950 dollars principal, and the balance $910.29 interest which had accrued on the same.

The appellees objected to the evidence on which each and all the facts found by the court were proved, and to the admissibility of those facts, as evidence to control the plain import of the words used in said will ; and also to the proof offered by the appellant, of the declaration of the testator, as found by the court, on the ground, that the words used by the testator in his will, were clear, definite, and unambiguous, applying only to such property as the appellant brought with her, at the time of her marriage, and that parol evidence of the declarations of the testator was not admissible, to prove that the words used by him in his will, were intended to apply to any additions made to the property which the appellant brought with her, at the time of her marriage, whether by subsequent accumulations of interest, dividends, or otherwise, or to vary or extend the plain meaning of the words used in said will, beyond the natural import thereof. But the court admitted the evidence, and, upon such evidence, found the facts aforesaid. And the questions of the admissibility and effect of said evidence, and of the facts found by the court, were reserved for the advice of this court.

*Ingham* and *Dutton*, for the appellant, contended, 1. That the interest is incidental and appurtenant to the principal,— and passes by the bequest. *Gore* v. *Wright*, 2 Vern., 535. Cr. Dig. Tit., 38, ch. 10, § 66. *Crosby* v. *Bradbury*, 10

Maine, 61. 3 Barber Sup. C., 110. 1 Ves. jr., 47. What is parcel of the thing devised may be shown by parol proof. *Beach* v. *Earl of Jersey*, 3 B. & C., 870. *Goodright* v. *Pears*, 11 E., 57. *Doe* v. *Collins*, 2 T. R., 498.

2. That, when a word of conveyance admits of different applications, parol evidence is admissible, to show what the testator · or grantor intended to convey. The expression, " all the property she brought with her at the time of our intermarriage," is as general and indefinite, as " household furniture," " stock," " freight," " printing-presses,"—all which have been allowed to be explained. Evidence was admitted to show what was meant by " wholesale factory prices." *Avery* v. *Stewart*, 2 Conn. R., 69. *Mowatt* v. *Carow*, 7 Paige, 328. Cr. Dig. Tit., 38, ch. 10, sec. 52 & note. *Peisch* v. *Dickson*, 1 Mason, 10. 1 Greenl. Ev., § 288, 289. *Ayres* v. *Weed*, 16 Conn. R., 191. *Doolittle* v. *Blakeslee*, 4 Day, 265. There are several decisions, bearing a strict analogy to this. Evidence of what was intended by " back lands," was admitted. *Ryerss* v. *Wheeler*, 22 Wend., 148. The reputed limits of a parcel, though embracing more than the true limits, will carry the surplus. *Beach* v. *Earl of Jersey*, 3 B. & C., 870. Devise of Jane Reno, a negro woman, and her increase, named Sib, was held ambiguous, and parol evidence was admitted, to show, that increase included children born before the will was executed. *Reno's Ex.* v. *Davis*, 4 H. & M., 283. 1 Greenl. Ev., sec. 283. Wig. on evidence in aid of the Nature of Wills, 11, 14.

3. That facts and circumstances, known to the testator, are always admissible. *Baldwin* v. *Carter*, 17 Conn. R., 201. *Brown* v. *State*, 16 Conn. R., 192. 1 Story, 574. 18 Verm., 129. The declarations of a testator, made at the time of executing a will, and before and after, are admissible, when parol evidence is admissible. *Ryerss* v. *Wheeler*, 22 Wend., 151. *Webley* v. *Beale*, 3 Desaus, 509. *Reno's Ex.* v. *Davis*, 4 H. & M., 283. *Jeffrey* v. *Randall*, 5 Rand.,

211.  *Langham* v. *Sandford,* 2 Mar., 6.  *Belden* v. *Carter,* 17 Conn. R., 301.  *Meeker* v. *Meeker,* 16 Conn. R., 383.

4. That the construction, claimed by the appellant, does not contradict or defeat any of the provisions in the will. It is perfectly consistent with the language.  The testator must always be considered as speaking of existing property,—the question is, what was, at the making of the will, the property which he denominated that which she brought. No doubt can exist, as to the intent of the testator, and the law will, if possible, carry that intent into effect.

*Baldwin, Clark,* and *W. D. Shipman,* for the appellee, contended, 1. That it is apparent from the language of the will, that the testator intended to give the appellant, only the amount which she brought with her, at the time of marriage.

2. That parol evidence was inadmissible, to contradict, vary, or add to the express terms of a will.  Its construction must be gathered from the will itself.  *Avery* v. *Chappel,* 6 Conn. R., 270.  11 East, 441.  3 Taunt., 147.  *Comstock* v. *Hadlyme,* 8 Conn. R., 254.  *Mann v. Mann,* 14 Johns., 1.  7 Met., 97.

3. That parol evidence can only be received, where there is an ambiguity as to the person, or as to the subject matter devised, or where words of equivocal import are used, expressive of the quantity of interest or extent of the subject matter of the devise.  7 Bac. Abr., 342, (note.)  1 Br. Ch. Rep., 472.  Powell on Dev., 502.  2 Esp. *Nisi Prius,* 787.

4. That the declarations of a devisor are only admissible, to show fraud.  Powell on Dev., 530, 487.  Phil. Ev., 428. 8 Term Rep., 147.  2 Vernon's Ch., 98.  6 Term Rep., 671. 8 Conn. R., 254.  1 Harrison Ch., 380.  2 Johns. Rep., 31, 34.  4 Wash., C. C. Rep., 256.  5 Bing., 435.  2 Shaw, 5. 2 Stra., 1261.

5. That the evidence offered, does not show, that the devisor designed to give the appellant anything, beyond the amount she brought with her, at the time of her marriage.

ELLSWORTH, J.  The propriety of receiving parol testimony, for the purposes for which it was offered, and the effect of that evidence when received, (the two questions made,) are not, in our judgment, attended with any serious difficulty.  They grow out of the application of a well known and well settled principle of law, rather than the introduction of any new one, as is generally seen in cases of this character.  We agree, most fully, that no man can make a parol will ; nor can the language of a will, when made, be denied, or qualified, or even explained, by parol.  The testator must speak exactly by the language he makes use of, and we can impute to him no other words than are written in the will, and what they mean of themselves.  Were we to do otherwise, we should repeal the statute of wills, as well as go abreast of that great principle of the common law, that written evidence must prevail over unwritten.  In other words, the rule is directed against the admission of any other evidence of the language employed by the testator, than that which is furnished by the language itself.  The will may be read by the light of surrounding circumstances, in order to see how the language shall be applied, and in this collateral particular, to learn the intent and meaning of the testator ; but the will is the only outward and visible expression of the testator's meaning ; no other words are to be added or substituted.  The end sought is, not to learn what the testator intended as contradistinguished from what his words express, but just as in written contracts, we receive parol evidence, to explain latent ambiguities, technical phrases, terms of art, scientific words, and the meaning of a foreign language.  We hold the rule as laid down in 1st of Jarman, 348, 349 : " As the law requires wills, both of real and personal estate, to be in writing, it can not, consistently with this doctrine, permit parol evidence to be adduced, either to contradict, add to, or explain the contents of such will ; and the principle of this rule evidently demands an inflexible adherence to it, even where the consequence is, the partial or total failure of the testator's

intended disposition ; for it would have been of little avail, to require, that a will, *ab origine*, should be in writing, or to fence a testator round with a guard of attesting witnesses, if, when the written instrument failed to make a full and explicit disclosure of his scheme of disposition, its deficiencies might be supplied or its inaccuracies corrected."

The language used in this will is, "I do give and devise to my beloved wife, all the furniture and all the property she brought with her." It is obvious, Mrs. Spencer must resort to parol proof, to identify the property which she is to take. This is just what she is attempting, and it is in this view, we think, the evidence is clearly admissible. The words are, "the *property which she brought*," &c. The enquiry, therefore, is, where is that property, and of what does it consist ?

First, we will speak of the *principal* of the bequest. That is the chief obstacle, which has been presented by the argument of the counsel. No attempt has been made by the administrator to deprive Mrs. Spencer of *this*, vested as it is, in her name, in the savings bank ; and we think there could be none. The property she brought with her consisted, at the time of the marriage, almost entirely of certain notes of hand. These she has collected, and deposited, or their avails, in the bank, in her own name, and for her own use ; her husband disclaiming any right to it, and never exercising any dominion over it. She has paid the taxes, kept her own bank book, and has caused this money, the avails of her specific notes, to accumulate, for her sole and exclusive enjoyment. Now, if these specific notes were in being, they would certainly pass, by the language of the will ; but, suppose some of the notes had been taken up, and renewed by their endorsers, or that new loans had been made by her, of that principal, and new notes taken in her name, with Mr. Spencer's consent, in order that the property might be kept separate and distinct from his own, would it not all pass by the description, "the property she brought," &c. ? The word

"*property,*" is one of large import, and, we think, was used, in this case, upon mature reflection, to include the avails of the specific notes, as they had been collected. None of the specific things which she had, at the time of the marriage, were remaining, at the date of the will, so far as appears from the motion, or, as has been spoken of, during the argument. What then was to pass by the will, but the avails of the notes? Besides, *that* was exactly her property; the testator meant it so; he called it hers; treated it as hers; and we look to these circumstances to learn, whether this is not what he *described,* by the language made use of in the will. If this is not so, then this provision for his wife, can not take effect.

Were it not for the peculiar views of our courts, as expressed in *Dibble* v. *Hutton, Griswold* v. *Penniman, Whittlesey* v. *McMahon,* and *The Fourth Eccl. Soc. of Middletown* v. *Mather,* that property situated as this is, can not be considered to be hers, either at law or equity, it would be hers, independent of the will. It would certainly be so, everywhere else, and ought to be here. But our courts do not go so far as to prevent the husband from treating it as hers, and giving it to her by will.

It was claimed, by the appellee's counsel, that this legacy was not specific, but a mere general gift, of so much in *value.* We do not so consider it. It is specific and exclusive, and if the property, or its substitute, having the same name, can not be found, we have no hesitation in saying, Mrs. Spencer will take nothing by this clause of the devise. So, if value were the thing given, we would ask, at what time is the value to be computed,—the time of the marriage, the date of the will, or the death of the testator? and what is the rule of valuation? the principal, or the principal and its interest? It appears to us, the intention of the testator can not be accomplished, by considering the gift as one of value. On the other hand, such a construction might manifestly disappoint him, as if half the specific property had been lost, or the

whole of it had greatly increased in value. All he intended was, that their marriage should not be held to transfer her property, principal or interest.

Nor do we think there is any doubt, provided the language of the will is held to describe the property of the notes and their avails, that the interest on the avails is not excluded, by the description, but is included; for, if the notes themselves would have passed by the description, any unpaid interest would have passed, for the principal and interest together would make the notes; the interest is mere increment, and we believe that it is a sound principle of law, that, until the accruing interest on loans, or the accruing profits on stock, have become separated from the principal in one way or another, they pass with the principal itself, and have themselves no distinct name or existence, unless the language is quite explicit.

Besides, in this case, the parol proof shows, the testator treated all this property, principal and interest, alike, as her property, as the very thing he describes in the gift to her, when he gives her all of it. It is not to be reduced, by separating from it its enhanced value, whether that consists in uncollected interest, undeclared profits, or anything else which is merely accessary to the principal, and is, in common parlance, a part of it : and this, the appellee's counsel insist, is the language of this devise, that this accruing interest or profit *is separated*. They dwell, with emphasis, on the last words of this clause, "and all the property she brought with her, *at the time of our intermarriage*." These words, they insist, are definite, and, *ex vi termini*, exclude all interest and profits *subsequent* to the marriage, although they constitute, as yet, a part of the principal itself; and, on this ground, they say, that no parol proof can be received, to show that the testator intended this interest or profit should be included, in the language used in the will. We are satisfied, these words are not words of exclusion, but of

*description,* and that the testator, by the language used, gave his widow, *all her property indiscriminately,* whatever was its form, or its value, which she brought with her, and *which he had always treated as bearing that description.* The reference to the time of marriage, is one to which we attach no special importance. If we were to look at that period alone, we should find nothing for the will to operate upon. We prefer, therefore, to consider the word *property,* as embracing all that she brought, whether it be principal or interest, and all which bore the name, and was considered and treated by them as the property, which she brought with her.

In this opinion, the other judges concurred.

Decree of probate disaffirmed.